80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Trent D. LAVIANO, Appellant,
v.
Togo D. WEST, Jr., Secretary of the Army, Appellee.
 No. 95-5177.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 20, 1996.
Rehearing and Suggestion for Rehearing In Banc Denied April
25, 1996.
 
 Before: SENTELLE, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on appeal from the United States District Court for the District of Columbia. Having considered the record from that court and the briefs and arguments of counsel, the court is satisfied that appropriate disposition of this case does not require a published opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Laviano filed suit in the district court against the Secretary of the Army, challenging a decision of the Army Board for Correction of Military Records ("the board"). The court granted summary judgment for the Secretary. Laviano appeals on the ground that the court erred in affirming the board's decision "that it lacked jurisdiction to review Laviano's application seeking correction of his military records and request for an officer appointment in the United States Army Reserve."
 
 
 3
 Laviano misconstrues the board's decision. The board correctly concluded that it lacked jurisdiction to revise Laviano's records from--or appoint him as an officer in--the Tennessee National Guard. 10 U.S.C. § 1552(a)(1); see, e.g., Guerra v. Scruggs, 942 F.2d 270, 277 (4th Cir.1991). The board then considered, on the merits, Laviano's requests for "correction" of his federal military records and appointment to the United States Army Reserve. While the board recognized that it has authority to grant such federal relief, see id., the board concluded that the record did not warrant it here. Laviano has not shown that the board's decision was "arbitrary, capricious, or contrary to the statutes and regulations" governing the board. See Kendall v. Army Bd. for Correction of Military Records, 996 F.2d 362, 367 (D.C.Cir.1993) (internal quotations omitted). Accordingly, it is
 
 
 4
 ORDERED AND ADJUDGED that the judgment of the district court is affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41.